David C. Kiernan (SBN 215335)
dkiernan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:    (415) 875-5745
Facsimile:    (415) 875-5700

Ryan K. Walsh (*pro hac vice*)
rkwalsh@jonesday.com
JONES DAY
1221 Peachtree Street, N.E.
Atlanta, GA 30361
Telephone:    (404) 521-3939
Facsimile:    (404) 581-8330

Stuart W. Yothers (*pro hac vice*)
syothers@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone:    (212) 326-3939
Facsimile:    (212) 755-7306

*Attorneys for Defendant Matthews*
*International Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESLA, INC., | Case No: 5:24-cv-03615-EJD |
| Plaintiff, | **DEFENDANT'S RESPONSE AND OPPOSITION PURSUANT TO CIVIL L.R. 7-11(B) REGARDING TESLA, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL (ECF 56)** |
| v. | |
| MATTHEWS INTERNATIONAL CORPORATION, | |
| Defendant. | Judge:        Hon Edward J. Davila |
| | Complaint Filed:  June 14, 2024 |

**PUBLIC / REDACTED VERSION**

Pursuant to Civil Local Rule 7-11(b), Defendant Matthews International Corporation ("Matthews") responds as follows to Plaintiff Tesla Inc.'s ("Tesla") Administrative Motion to File Under Seal (ECF 56) (the "Motion").

## I.    INTRODUCTION

In considerable part, Matthews does not oppose the relief sought in the Motion, on substantially the grounds stated in the Motion and supporting materials, as well as Matthews' own Administrative Motion to File Under Seal (ECF 59) and supporting materials.

However, Matthews opposes the sealing of certain material that Tesla seeks to file under seal, specifically relating to the existence of the

Specifically, Matthews opposes the sealing of the following portions of Tesla's filings:

| DOCUMENT | PORTIONS TO BE UNSEALED |
|---|---|
| Tesla's Emergency Mot. for TRO (ECF 57) | Highlighted material at the following pages and lines:<br>i:24<br>1:24–26<br>2:26–3:13<br>3:26–28<br>5:22<br>13:13–21<br>14:23<br>20:23–25<br>21:18–20 |
| Ex. C1 to Decl. of R. Courtney in Support of Tesla's Emergency Mot. for TRO (ECF 57-25) | Entirety |

## II.    DISCUSSION

As stated more fully in Matthews' Opposition to Tesla's Emergency Motion for a Temporary Restraining Order (ECF 60), Tesla's filing of claims on the public docket here—as opposed to in arbitration—appear to be part of a strategy to disclose a one-sided

1    [REDACTED] version of the parties' private dispute to attempt to devalue Matthews.  ECF 60 at 3–6.

2    Tesla filed its complaint in this Court, on the public docket, [REDACTED]

3    [REDACTED]

4    [REDACTED]    Tesla did so notwithstanding the parties' [REDACTED]

5    [REDACTED]    Tesla also filed a declaration in response to Matthews' motion to compel arbitration

6    that publicly and gratuitously disparaged Matthews' business, despite having little relevance to the

7    motion to compel arbitration.  ECF 60 at 3 (citing ECF 32-5).  During the public portions of the

8    hearing on the motion to compel arbitration (which Tesla has never sought to seal), there was further

9    discussion of the parties' disputes, including Tesla's November 2023 breach letter, [REDACTED]

10    [REDACTED]    ECF 52 at 50:10–24.  Tesla's public filings

11    received attention in the press, and led to stock price declines and a credit downgrade, which made

12    these issues central to Matthews' investors.  ECF 60 at 3–4.

13    [REDACTED]

14    [REDACTED]    Accordingly, [REDACTED]

15    [REDACTED]

16    [REDACTED]

17    [REDACTED]    ECF 57-26.  Matthews made this disclosure in light of

18    Tesla's public disclosures of its one-sided narrative of the parties' dispute, including its suggestions

19    that Matthews did not develop this technology and does not have the right to sell it to others.

20    Matthews' disclosures were limited to rebutting demonstrable misrepresentations by Tesla in its

21    own public filings.  (To the extent Tesla believes Matthews' disclosures give an inaccurate picture

22    of [REDACTED]

23    As explained below, Matthews had every right to make these disclosures.  But, in any event,

24    Tesla points to no basis for asserting that information that has *already been disclosed* must be sealed

25    from public access on this Court's docket.

26    Pursuant to Civil Local Rule 79-5(c), the party requesting to seal information must provide

27    a statement explaining the reasons for keeping a document under seal, including "(i) the legitimate

28    private or public interest that warrant sealing; (ii) the injury that will result if sealing is denied; and

1   (iii) why a less restrictive alternative to sealing is not sufficient[.]"

2           "When a request to seal documents is made in connection with a motion, the court must

3   determine whether the parties are required to overcome that presumption with 'compelling reasons'

4   or with 'good cause.'" *Overpeck v. FedEx Corp.*, 2020 WL 5094841, at *8 (N.D. Cal. Aug. 28,

5   2020).   A party seeking to seal materials submitted with a dispositive motion is subject to the

6   "compelling reasons" standard.  *In re Uber Text Messaging*, 2019 WL 8200602, at *1 (N.D. Cal.

7   May 30, 2019).  This Court has applied the "compelling reasons" standard to motions for temporary

8   restraining order.  *See e.g.*, *Actian Corp. v. AB Sciex LLC*, 2023 WL 7166811, at *1 (N.D. Cal. Oct.

9   30, 2023); *Mickelson v. PGA Tour, Inc.*, 2022 WL 4004772, at *2 (N.D. Cal. Sept. 1, 2022).

10          Importantly, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ cannot, without more,

11  justify the sealing of that award.  *See, e.g., Twitch Interactive, Inc. v. FishwoodCo GmbH*, No. 22-

12  CV-03218-VKD, 2023 WL 2026528, at *2 (N.D. Cal. Feb. 15, 2023) ("[T]he fact that the parties

13  agreed to the confidentiality of the underlying arbitration proceedings does not, standing alone,

14  provide a compelling reason to keep them under seal.").  There must be something more, such as

15  "trade secrets or other business information that might harm [a party's] competitive standing." *Id.*

16  Tesla's motion does not set forth anything more, and there is no justification to seal the award here.

17          Given that the existence of ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆, are

18  already public—ultimately as a result of Tesla's actions—and Tesla has pointed to no injury that

19  has accrued to it from such disclosures, the sealing of the material identified herein does not meet

20  the standard required in this jurisdiction.  (Again, Matthews does not oppose the sealing of material

21  relating to Tesla's "confidential business and proprietary information," including its alleged trade

22  secrets, its business strategy, and other such points.)  Indeed, Tesla's entire course of conduct in

23  seeking a Temporary Restraining Order against Matthews in the public eye is inconsistent with the

24  notion that Tesla is genuinely concerned about confidentiality here.

25          To the extent Tesla argues that Matthews breached its confidentiality obligations, and that

26  these alleged breaches cannot support disclosing the ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

27  that is wrong.  Among other reasons, Matthews' confidentiality obligations were discharged when

28  Tesla breached those obligations.  The parties' contracts are governed by California law.  *See* ECF

17-5, Ex. 1, § 15.6(c); ECF 6-5, § 12.  "A bedrock principle of California contract law is that '[h]e who seeks to enforce a contract must show that he has complied with the conditions and agreements of the contract on his part to be performed.'"  *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1010 (9th Cir. 2005) (quoting *Pry Corp. of Am. v. Leach*, 177 Cal. App. 2d 632, 639 (1960)).  Accordingly, "[w]hen a party's failure to perform a contractual obligation constitutes a material breach of the contract, the other party may be discharged from its duty to perform under the contract."  *Brown v. Grimes*, 192 Cal. App. 4th 265, 277 (2011); Cal. Civ. Code § 1439.  That is precisely the case here.

California courts have repeatedly found that a counterparty's breach of a confidentiality provision can excuse a party from its confidentiality obligations.  *See Sanchez v. Cnty. of San Bernardino*, 176 Cal. App. 4th 516, 529–30 (2009) ("Sanchez made her disclosures only after she learned that the County itself had already violated the confidentiality provision.  Indeed, she made some of them to protect herself from the consequences of the County's violation . . . . A reasonable jury could conclude that the County's breach of the confidentiality provision excused any further performance by Sanchez."); *Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1602–03 (2012) ("[Defendant's] repeated acts of harassment supported a finding he materially breached the settlement agreement, thereby excusing [Plaintiff's] noncompliance with the mutual restraint clause's prohibition by making disparaging statements about him to others."); *LiMandri v. Wildman, Harrold, Allen & Dixon, LLP*, 2013 WL 2451322, at *7 (Cal. Ct. App. June 6, 2013) ("We are not impressed by the Law Firm's claim that LiMandri breached the nondisclosure provisions when he engaged in 'damage control' after defendants wrongfully revealed confidential information.  A defendant's breach of a confidentiality provision excuses further performance by plaintiff to keep matters confidential.");[1] *cf. Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1010 (9th Cir. 2005) (holding arbitration provision unenforceable by party that refused to participate in arbitration, then moved to compel arbitration).

---

[1] While unpublished decisions of California courts of appeal are not precedential, a federal court may nonetheless rely on them as "accurately represent[ing] California law."  *Beeman v. Anthem Prescription Mgmt., LLC*, 689 F.3d 1002, 1008 n.2 (9th Cir. 2012).

As explained above, it was Tesla that first made public allegations regarding the parties' disputes.  Under California contract law, Tesla cannot use the parties' confidentiality obligations as both a sword and a shield—by disclosing information disparaging Matthews but seeking to seal information benefiting Matthews.  Again, Matthews objects only to the sealing of ████████████████████████████████, not the sealing of any Tesla confidential business information.

### III.    CONCLUSION

For the reasons stated above, Matthews respectfully requests that the Court not order the sealing of the portions of Tesla's Emergency Motion for a Temporary Restraining Order and Exhibit C1 to the Declaration of Robert Courtney in Support of Tesla's Emergency Motion for a Temporary Restraining Order identified in this statement above, and as identified in the proposed order submitted concurrently with this statement.

Dated: February 28, 2025                              JONES DAY

By: /s/ David C. Kiernan
David C. Kiernan
dkiernan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone: (415) 875-5745
Facsimile:  (415) 875-5700

Ryan K. Walsh (*pro hac vice*)
rkwalsh@jonesday.com
JONES DAY
1221 Peachtree Street, N.E.
Atlanta, GA  30361
Telephone: (404) 521-3939
Facsimile:  (404) 581-8330

Stuart W. Yothers (*pro hac vice*)
syothers@jonesday.com
JONES DAY
250 Vesey Street
New York, NY  10281
Telephone: (212) 326-3939
Facsimile:  (212) 755-7306

*Attorneys for Defendant Matthews International Corporation*