A. Louis Dorny (CA 212054)
ldorny@tesla.com
Terry W. Ahearn (CA 216543)
tahearn@tesla.com
TESLA, INC.
3000 Hanover St.
Palo Alto, CA 94304
Tel: 510-298-8516

Paul Margulies (*pro hac vice*)
pmargulies@tesla.com
TESLA, INC.
800 Connecticut Ave. NW
Washington, DC 20006
Tel: 202-695-5388

*Attorneys for TESLA, INC.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**(SAN JOSE DIVISION)**

| | |
|---|---|
| TESLA, INC., a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEWS INTERNATIONAL CORP., a Pennsylvania corporation.,<br><br>Defendants. | Case No. 24-cv-03615-EJD<br><br>**TESLA'S OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge: Hon. Edward J. Davila<br>Complaint Filed: June 14, 2024 |

**PUBLIC REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Pursuant to Civ. Local R. 3-12 and 7-11(b), Plaintiff Tesla, Inc. ("Tesla"), hereby opposes Defendant Matthews International Corporation ("Matthews") Administrative Motion to Consider Whether Cases Should be Related ("Motion") (ECF No. 84, *filed under seal* at ECF No. 85).

I.  **THE CASES ARE NOT RELATED**

Local Rule 3-12 provides that: "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." L.R. 3-12(a). Neither requirement is satisfied here and there is otherwise no benefit to the Court or the parties in relating the cases.

   A.  **No Substantial Overlap in Parties, Property, Transaction, or Events**

The "First-Filed Complaint" (Case No. 24-cv-03615-EJD) and "Later-Filed Complaint" (Case No. 25-cv-01533-SVK) have little, if any, meaningful overlap. The history and background of Tesla's and Matthews' relationship with Maxwell, Inc. ("Maxwell"), a company acquired by Tesla in 2019, is relevant to the First-Filed Complaint only insofar as it provides context or background to Tesla's trade secret misappropriation claims. Indeed, Maxwell is not mentioned at all in the First-Filed Complaint. ECF No. 1. It was injected into that case only after Matthews raised it as context in its motion to compel arbitration of Tesla's misappropriation claims. *See, e.g.*, ECF No. 16 at 6.

In contrast, the substantive work done at Maxwell in connection with the disclosure of Provisional Application No. 62/793,333 ("'333 Application"), and ownership of the inventions claiming priority to the '333 Application, are at issue ***only*** in the Later-Filed Complaint. ECF No. 15, ¶¶ 46 – 74. While the named parties in the lawsuits are nominally the same, the First-Filed Complaint focuses on recent misappropriation from ***Tesla*** while the Later-Filed Complaint is focused on development work performed by Tesla's predecessor-in-interest, ***Maxwell***. Substantively, the primary entities at issue differ.

Matthews incorrectly asserts, "the fact that the parties are identical is sufficient to satisfy [this] prong of the rule ('the same parties, property, transaction, *or* event')." Motion at 2:13-15 (emphasis in original). In fact, Courts have declined to relate cases where the parties are, as here, merely the same. *Tecson v. Lyft*, 2019 WL 1903263 at *3 (N.D. Cal. Apr. 29, 2019) (although cases were brought against the same defendant under the same statute and posed "common questions of law and fact," "th[o]se parallels d[id] not suffice to meet the substantial similarity threshold" where, among other things, "the operative facts for the putative classes would still make them substantially different"); *Hill v. Goodfellow Top Grade*, 2019 WL 2716487 at *1 (N.D. Cal. June 28, 2019) (denying relation of cases bringing similar claims, against the same defendant, involving "overlapping events and witness," because the cases "concern[ed] largely different events"); *Ortiz v. CVS Caremark Corp.*, 2013 WL 12175002 at *2 (N.D. Cal. Oct. 15, 2013) (denying motion to relate because "the limited overlap of some class members is not enough to reach the 'substantial similarity' threshold").

Here, the "property, transaction or event" at issue in the Later-Filed Complaint is meaningfully different than the First-Filed Complaint. The Later-Filed Complaint primarily concerns obligations that arose ***prior to*** Tesla's acquisition of Maxwell in 2019 and ***prior to*** Tesla's relationship with Matthews. ECF No. 15, ¶¶ 9-20, 35-38. These are discrete and far less complicated issues (inventorship and ownership) than those presented in the First-Filed Complaint (theft of trade secrets). Indeed, the claims asserted in the Later-Filed Complaint concern inventorship and ownership arising from the '333 Application and its progeny, including U.S. Pat. No. 12,136,727 ("'727 Patent"). *Id*., ¶¶ 9-45. And the Later-Filed Complaint concerns Tesla primarily to the extent it concerns what Maxwell sold to Tesla and the rights Tesla obtained as a result of that acquisition. *Id.*, ¶¶ 21, 39-45.

The First-Filed Complaint, on the other hand, concerns neither inventorship nor ownership.

The First-Filed Complaint concerns Matthews' theft of Tesla's trade secrets *after* Tesla's acquisition of Maxwell and *after* Tesla entered into a business arrangement with Matthews, including recent and ongoing theft of Tesla's trade secrets. *See generally* ECF No. 57. The facts giving rise to the allegations in the Later-Filed Complaint arose *before* the facts giving rise to the allegations in the First-Filed Complaint. They do not concern "substantially the same . . . property, transaction or event."

### B. No Unduly Burdensome Duplication Or Conflicting Results

#### 1. *No Unduly Burdensome Duplication of Labor or Expense*

While both cases are technically at the beginning stage of proceedings, ***the First-Filed Complaint is stayed.*** Thus, there is no active matter with which to relate the Later-Filed Complaint. Nor is there any efficiency to be gained from relating an active case to an inactive one. *Ramachandran v. Ballard*, 2023 WL 6538387 (no duplication of effort where earlier case closed); *Rezner v. Bayerische Hypo-Und Vereinsbank AG*, 2009 WL 3458704 (no "unduly burdensome duplication of labor and expense" where allegedly related cases were stayed pending mediation and closed on appeal); *Carlyle Fortran v. NVIDIA*, WL 4717467 (finding "little possibility" of "unduly burdensome duplication of labor ... or conflicting results" where the other cases pending before the Court were "either on appeal before the Ninth Circuit or ha[d] been inactive for over two years").

Matthews threatens to attempt to "compel arbitration of some or all" claims in the Later-Filed Complaint. Motion at 4:19-20. But there is no overlap with ███████████████████. Matthews' ability to somehow ██████████████████████████████████ and, ██████████████████████████████, thin. Even so, relating the earlier in time, straight-forward inventorship and ownership issues from the Later-Filed Complaint with the later in time, more complex trade secret issues from the Early-Filed Complaint will only expand, not consolidate, the number and diversity of issues to be decided in a single forum. This will not eliminate undue

duplication or create efficiencies.

Nor does the fact that Dr. Eggleston has provided evidence in the First-Filed Complaint and may provide evidence in the Later-Filed Complaint pose a threat of undue duplication. Dr. Eggleston is an apex engineer, business leader, and pioneer in DBE technology and its many varied innovations. The fact that he is a percipient witness to multiple events is apropos of nothing and certainly not indicative that the two matters are related or pose an undue threat of unduly burdensome duplication. Dr. Eggleston simply has knowledge of events applicable to both matters. Given the relevant events in the Later-Filed Complaint that predate Tesla's relationship with both Maxwell and Matthews, Dr. Eggleston's relevant knowledge of pertinent facts related to the Later-Filed Complaint is significantly less than his knowledge of facts relevant to the First-Filed Complaint. Dr. Eggleston's testimony, even overlapping testimony, will not be unduly duplicative warranting the cases be related.

Likewise regarding discovery. The discovery related to inventorship and ownership will be substantially less than, and distinct from, the comprehensive discovery related to the trade secret misappropriation claims. Discovery in the First-Filed Complaint will focus on Matthews' recent acts to misappropriate Tesla's trade secrets, while discovery in the Later-Filed Complaint will focus on conception of the claimed inventions in the '333 Application family before Tesla acquired Maxwell, as well as ownership of those inventions. Any potentially overlapping discovery between the First-Filed Complaint and Later-Filed Complaint will be *de minimis* at most and certainly not unduly duplicative.

### 2.   *No Conflicting Results*

The issues to be resolved in the First-Filed Complaint do not turn on the outcome of any of the claims at issue in the Later-Filed Complaint – inventorship and ownership. The outcome of the Later-Filed Complaint will have no impact on the outcome of the First-Filed Complaint. Dr.

1  Mitchell can be found to be the true and only inventor of the '333 Application and its progeny;
2  assignment of the issued Matthews patents can be found to belong to Tesla; and Matthews can still
3  be found to have misappropriated Tesla's trade secrets. These two matters are distinct and
4  unrelated to each other. *Tecson*, 2019 WL 1903263 at *3 (no substantial similarity where operative
5  facts make cases substantially different); *Hill*, 2019 WL 2716487, at *1 (denying relation because
6  cases "concern[ed] largely different events").
7  
8  Though Matthews argues that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ on
9  the Later-Filed Complaint (Motion at 4:8-18), the plain facts show that ▬▬▬▬▬▬▬▬
10 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
11 ▬▬▬▬▬▬▬▬▬. ECF No. 57-25 (First-Filed Complaint, ▬▬▬▬). In fact, the
12 events that give rise to the Later-Filed Complaint were not ▬▬▬▬▬▬▬▬▬▬▬
13 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
14 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. ECF 57-25 (▬▬▬▬
15 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
16 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
17 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* Thus, the claims at issue in the Later-Filed Complaint do
18 **not** arise out of the same contract at issue in the First-Filed Complaint. This also eliminates any
19 plausible assertion of claim or issue preclusion of the Later-Filed Complaint ▬▬▬▬▬
20 ▬▬▬. In any event, Judge van Keulen—who Tesla has consented to proceed before on all
21 matters in the Later-Filed Complaint—is more than qualified to conduct contract interpretation and
22 resolve claims of *res judicata* without fear of conflicting or wildly different interpretations from this
23 Court in the First-Filed Complaint significant enough to justify relating these matters.
24 
25 II.   **CONCLUSION**
26        Tesla respectfully submits that Matthews' Motion should be denied.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: March 17, 2025 | TESLA, INC. |
| 3 | | |
| 4 | | Respectfully submitted, |
| 5 | | /s/Terry W. Ahearn |
| 6 | | Terry W. Ahearn |
| 7 | | *Attorneys for TESLA, INC.* |