David C. Kiernan (SBN 215335)
dkiernan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, California 94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

Ryan K. Walsh (*Pro Hac Vice*)
rkwalsh@jonesday.com
JONES DAY
1221 Peachtree Street, N.E.
Atlanta, GA 30361
Telephone:    (404) 521-3939
Facsimile:    (404) 581-8330

Stuart W. Yothers (*Pro Hac Vice*)
syothers@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281
Telephone:    (212) 326-3939
Facsimile:    (212) 755-7306

*Attorneys for Defendant*
*Matthews International Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESLA, INC.,<br><br>              Plaintiff,<br><br>       v.<br><br>MATTHEWS INTERNATIONAL CORPORATION,<br><br>              Defendant. | Case No. 5:24-cv-03615-EJD-VKD<br><br>**MATTHEWS' RULE 79-5(F)(4) RESPONSE REGARDING ITS ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 134)**<br><br>Judge: Hon. Edward J. Davila<br>Complaint Filed: June 14, 2024 |

Pursuant to Civil Local Rule 79-5(f)(4), Matthews International Corporation ("Matthews") responds to Tesla's statement regarding Matthews' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 134). Matthews opposes sealing. Tesla's request fails the Ninth Circuit's stringent sealing standard, and Tesla's own public statements trumpeting the arbitration results eviscerate any confidentiality claim.

## I.   THE NINTH CIRCUIT'S "STRINGENT STANDARD" GOVERNS.

"The public has a right of access to the Court's files." Civ. L.R. 79-5(a). The Ninth Circuit enforces this right with a "stringent standard," starting "with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). "The party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014). A court may seal records only upon finding "a compelling reason" without "relying on hypothesis or conjecture." *Ctr. for Auto Safety*, 809 F.3d at 1096–97. "[C]ompelling reasons" are narrow, such as "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

## II.   TESLA'S JUSTIFICATIONS FOR SEALING FAIL.

### A.   Contractual Confidentiality Does Not Justify Sealing.

Tesla argues that the material redacted from Matthews' brief "contain[s] information which is required to be kept confidential by the parties' agreements" (Dkt. 134 at 2; *see also* Dkt. 134-1 at ¶ 4). That argument is a legal nullity. As Judge Chen explained, "an agreement to keep arbitration matters confidential does not by itself establish compelling reasons to seal." *Align Tech., Inc. v. SmileDirectClub, LLC*, 2023 WL 2347431, at *2 (N.D. Cal. Mar. 3, 2023) (collecting cases); *see also*, *e.g.*, *Twitch Interactive, Inc. v. FishwoodCo GmbH*, 2023 WL 2026528, at *1–2 (N.D. Cal. Feb. 15, 2023); *Airwair Int'l Ltd. v. Zoetop Bus. Co., Ltd.*, 2025 WL 1282633, at *9 (N.D. Cal. May 2, 2025). That is because "the calculus changes once the parties reenter the courthouse for adjudication of their dispute." *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *2 (D. Nev.

July 19, 2022). A private agreement to keep an arbitration proceeding confidential "does not nullify the requirement that a party proffer a qualifying reason to justify sealing that document **when put at issue in a public forum**." *Bloom Energy Corp. v. Badger*, 2021 WL 4079208, at *12 (N.D. Cal. Sept. 8, 2021) (emphasis in original).

The Local Rules are equally explicit: "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(c).

### B.   Tesla's Competitive-Harm Claim Is Conclusory and Unsupported.

Tesla also argues that if the redacted material were public, "Tesla would be harmed because its competitors would have access to the terms of Tesla's confidential agreements and business dealings." Dkt. 134 at 3. This is boilerplate, not evidence. Nothing in the sealed materials threatens to "harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097. None of the redacted language reveals any technological features of a machine except at a cursory level. The redacted material is primarily summaries of and quotations from the legal analysis in the interim arbitral order Tesla is seeking to confirm.

Tesla's attorney declaration merely repeats conclusory, boilerplate assertions: that disclosure "would cause harm to Tesla in the form of giving Tesla competitors access to business information about Tesla that they would not otherwise have," or (inaccurately) that the highlighted material "comprises non-public, valuable technical information belonging to Tesla for which publication would cause harm to Tesla." Dkt. 134-1 at 2. Such "justifications" do not "present 'articulable facts' identifying the interests favoring continued secrecy." *Kamakana*, 447 F.3d at 1181 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003)). "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Id.* at 1184; *see also* Civ. L.R. 79-5(c) (requiring "a specific statement of . . . the reasons for keeping a document under seal"). The declaration names no competitor, describes no trade secret, and articulates no concrete mechanism of harm.

Nor is the declaration competent evidence. *See* Civ. L.R. 79-5(c)(1). Tesla's counsel has no personal knowledge of whether publication of this material would harm Tesla—he is relaying hearsay from persons unknown at Tesla. Fed. R. Evid. 802. Tesla failed to provide "compelling reasons" to justify sealing. "A failure to meet that burden means that the default posture of public access prevails." *Kamakana*, 447 F.3d at 1182.

As one court in this District has aptly observed, "litigation is a public process, and [] the public has the right to know what the litigation is about, subject only to very limited exceptions." *Nevro Corp. v. Bos. Sci. Corp.*, 312 F. Supp. 3d 804, 805 (N.D. Cal. 2018).

### III. TESLA'S OWN PUBLIC STATEMENTS AND LITIGATION POSITIONS ARE INCONSISTENT WITH ANY CONFIDENTIALITY CLAIM.

Tesla's sealing request is not merely unsupported—it is affirmatively contradicted by Tesla's own conduct. On or about March 13, 2026, Tesla executive Bonne Eggleston published a statement on the social media platform X, publicly proclaiming that Matthews "stole Tesla's DBE technology," that Tesla "obtained a permanent injunction preventing further theft," that "financial damages [are] to be computed," and that "Matthews was found liable for distributing Tesla's technology." *See* Dkt. 124-1, Miller Decl., Exhibit 1. And Tesla's own filings in this proceeding contain unredacted, publicly accessible material descriptions of parts of the interim arbitration award, purporting to describe "express findings" by the arbitrator and citing to specific pages of the interim arbitration award. *E.g.*, Dkt. 129-5 at 5–6.

Tesla cannot have it both ways. Having chosen to broadcast its version of the arbitration results to the world, Tesla has forfeited any legitimate claim that confidentiality requires sealing. A party that publicly trumpets an arbitration outcome cannot then invoke confidentiality to prevent judicial disclosure of the same material. Tesla's public statements constitute a material change in circumstances that independently defeats any sealing request. The public is entitled to see the actual arbitration award, not merely Tesla's self-serving characterization of it.

It also is hard to square Tesla's request to seal material from the interim arbitration award with its request—to which Matthews acceded—to publish the arbitral injunction it seeks to confirm

(which is part of the interim arbitration award). *See* Dkt. 114; Dkt. 115. The inconsistency is glaring: Tesla wants to publish the injunction, which enjoins Matthews from using information "as defined and interpreted in . . . the Interim Award (Phase One – Liability)." Dkt. 110-3. Tesla claims "Tesla and the general public are entitled to have that injunction order made part of the public record." Dkt. 114 at 5. That same public has the right to see the Interim Award the injunction references. Tesla has provided no compelling reason to deny public access.

**IV.    TESLA'S "WAIVER" ARGUMENT HAS NO BASIS IN LAW.**

Tesla also argues that Matthews "waived" its right to contest sealing because Matthews did not object when Tesla filed the same document under seal in a separate proceeding. Dkt. 134 at 3. Tesla cites nothing for this invented "waiver" doctrine because such authority does not exist. To the contrary, the Local Rules provide that "[p]arties or non-parties may, *at any time*, file a motion requesting that the Court unseal a document." Civ. L.R. 79-5(g)(3) (emphasis added). After all, the *public*'s interest in access to court records cannot be waived by Matthews or any other party.

Dated: April 6, 2026                                    JONES DAY


By: */s/ Ryan K. Walsh*
　　　Ryan K. Walsh

Attorneys for Defendant
Matthews International Corporation

DEFENDANT'S RESPONSE RE ADMIN MOT. TO
CONSIDER WHETHER TO SEAL (DKT. 134)
Case No. 5:24-cv-03615-EJD-VKD